# CASES

## IN THE

# SUPREME COURT

## ON APPEALS FROM THE

## COURT OF CHANCERY

HARRY EMMONS, Trustee,
Defendant below, Appellant,

*vs.*

THOMAS R. CURLETT and CORA AGNES CURLETT, Administratrix of James Curlett, deceased,
Complainants below, Respondent.

*Supreme Court, on appeal, June T.* 1911.

A deed by D., J. and another conveyed land in trust to sell, and from the proceeds to pay all liens of record, and divide the remainder among the grantors; the share of any one of them against whom there might be liens of "record" being chargeable with the amount necessary to discharge the same. *Held*, that D. waived any right to have J.'s share applied to an equitable claim based on his discharge, before execution of the deed, of record liens under judgments against J.

When a bill is filed to compel the trustee to account to J.'s estate for J.'s share free from D.'s claim, the trustee cannot assert want of jurisdiction to adjudicate such claim because D. is not a party; he having in effect made him a party by seeking to take credit for such claim, at D.'s instance.

Costs were improperly awarded against a trustee on bill for an accounting, where he prevailed in the main, and was probably justified in making the defense upon which he failed.

APPEAL FROM THE COURT OF CHANCERY. The facts are stated in the opinion of the Court and in the report of the case in the Court of Chancery, *ante p.* 62.

At the election of the complainant, the cause was heard in the Court of Chancery on bill and answer, and the following decree entered:

"And now, to wit, this eleventh day of July, A. D. 1910, the above cause coming on to be heard upon bill and answer, at the election of the complainants, and the Chancelor having heard and maturely considered the arguments of the solicitors for the complainants and the defendant, and having found that the net share of Thomas R. Curlett in the said trust fund is the sum of Seven Hundred and Sixteen Dollars and One Cent; and having found and determined that the defendant, Harry Emmons, as Trustee, should be allowed a credit of the sum of Two Hundred and Seventy-one Dollars and Seventy-six Cents, paid by him as Trustee to the National Bank of Wilmington and Brandywine, on account of the share or interest of the said Thomas R. Curlett; and having found that the net share of the said James Curlett, deceased, in the said trust estate is the sum of Seven Hundred and Sixteen Dollars and One Cent; and having found and determined that the said Harry Emmons as Trustee should be allowed a credit of the sum of Two Hundred and Twelve Dollars paid by him as Trustee to Philip R. Clark, on account of the share or interest of the said James Curlett, deceased; and the Chancellor having further found and determined that the claim of David B. Curlett against the share or interest of James Curlett in the said trust estate should be disallowed; and the Chancellor having further found and determined that the complainant, Thomas R. Curlett, should pay one-half of the amount of the costs incurred in this cause, and that Cora Agnes Curlett, the administratrix of James Curlett, deceased, should pay one-quarter of said costs and that Harry Emmons, the defendant in this cause, individually, should pay the remaining one-quarter of the said costs; and it appearing to the Chancellor, by agreement of the solicitors for the parties, that the moneys hereinafter ordered to be paid were deposited by the said Trustee in bank at two *per centum per annum*;

"IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED BY THE COURT, that the said Harry Emmons, as Trustee, be allowed a credit of the sum of Two Hundred and Seventy-one Dollars and Seventy-six Cents, the amount of money paid by him to the National Bank of Wilmington and Brandywine, on account of the share or interest of Thomas R. Curlett, and that the balance of the share or interest of Thomas R. Curlett, to wit, Four Hundred and Forty-five Dollars and Twenty-five Cents, together with the two *per cent.* interest thereon from June 29th, 1905, so gained by him, be paid by the said Harry Emmons, Trustee, unto the said Thomas R. Curlett, after deducting therefrom one-half of the amount of the costs incurred in this cause.

"AND FURTHER, that the said Harry Emmons, as Trustee, be allowed a credit of the sum of Two Hundred and Twelve Dollars, the amount

of money paid by him to Philip R. Clark, on account of the share or interest of James Curlett, deceased, and that the balance of the share or interest of James Culett, deceased, to wit, Five Hundred and Four Dollars and One Cent, together with the two *per cent.* interest thereon, from May 10th, 1905, so gained by him, be paid by the said Harry Emmons, Trustee, unto the said Cora Agnes Curlett, Administratrix of James Curlett, deceased, after deducting therefrom one-quarter of the amount of the costs incurred in this cause.

"AND FURTHER, that the claim of David B. Curlett, against the share or interest of James Curlett, deceased, be and it is hereby disallowed.

"AND FURTHER, that the remaining portion of the costs incurred in this cause, being one-quarter thereof, be paid by the said Harry Emmons individually.

"AND FURTHER, that the said Harry Emmons as Trustee pay the three-quarters of the costs incurred in this cause, which are retained in his hands as Trustee, as hereinabove directed, out of the shares of Thomas R. Curlett and James Curlett, deceased.

"AND FURTHER, that all the aforesaid sums of money, made payable hereby, be paid as hereinabove directed within three months from the 11th day of July, A. D. 1910, or attachment."

The assignments of error were as follows:

1. That the Court erred in decreeing that the claim of David B. Curlett against the share or interest of James Curlett, deceased, in the said trust estate should be disallowed.

2. That the Court erred in decreeing that the said appellant should pay unto Cora Agnes Curlett, Administratrix of James Curlett, deceased, the sum of five hundred and four dollars and one cent, together with two *per cent.* interest thereon from May 10, 1905, after deducting therefrom one-quarter of the amount of costs incurred in this Court.

3. That the said Court erred in not decreeing that the said David B. Curlett was entitled to receive from the said appellant or from the estate of the said James Curlett, deceased, the sum of three hundred and seventy-six dollars and twelve cents, with lawful interest from the first day of January, A. D. 1889, or so much thereof as the amount in the hands of said appellant due to the estate of the said James Curlett, deceased, would pay after deducting therefrom the sum of two hundred and twelve dollars paid by said appellant to Philip R. Clark, and allowed by the Chancellor, and the further sum allowed by the Chancellor for costs.

4.   That the Court erred in the interlocutory finding of Chancellor Nicholson:

"That the circumstances and agreements upon which the Respondent (below) seeks to base a claim that he was justified in paying, out of the proceeds of said sale, debts or claims that were not liens of record, are irrelevant, and might be alleged in a cross bill, but are not matters of defense or relevant to any matter of defense which can be properly alleged in an answer."

5.   That the Court erred in basing its final decree disallowing the respondent below to set up the existence of the claim of David B. Curlett as a defense to the demand of the administratrix of James Curlett for a full settlement, upon the interlocutory finding of Chancellor Nicholson (set forth in the Fourth Assignment of Error) that the claim was a matter for a cross bill.

The cause was heard on appeal at the January Term, 1911, before Pennewill, C. J., and Boyce and Conrad, Associate Judges.

*Anthony Higgins,* for the defendant below, appellant.

The payment and discharge by David B. Curlett, at the request of James Curlett, of the judgments against James Curlett, which were a lien against his share of the lands afterward deeded to Mr. Emmons in trust and under the promise of James that David should be re-paid out of the share of James in said lands when sold, constitute in favor of David and equitable assignment by way of subrogation of the proceeds of the share of James when the land was sold.     *Dix. Subr.,* 165; *Harris Subr.,* 559, § 811, *note* 1;  3 *Pom. Eq. Jur.,* § 1212; *Rachal v. Smith,* 101 *Fed.* 159; *Cumberland B. & L. Asso. v. Sparks,* 111 *Fed.* 647; *Williamson's Appeal,* 94 *Pa. St.* 231.

When David and James joined with the other heirs of Margaret Curlett in the execution to Mr. Emmons of this deed of trust, the relation of James, as debtor to David and of David as the creditor of James for this debt and sum, was complete and undisputed.   It appears from the answer that it has never been paid, and the question for the decision of this Court is whether the deed of trust is susceptible of the con-

struction that thereby it was intended that this debt of James to David, without any payment or satisfaction therefor, should be discharged, cut up and destroyed. The deed of trust could operate to effect the discharge of the lien of David upon James' share in the land only, either (1) by contract, or (2) by estoppel.

No contract arose out of the deed of trust by which David forgave James the debt or discharged the share of James from the lien. The object of the deed, according to its true construction, was to sell the lands and divide the proceeds according to the shares of the respective grantors, each share to pay its own liens of record.

David B. Curlett is not estopped from the recovery of his money from Mr. Emmons, because of his joining in the deed of trust of January 26th, 1895. There is no estoppel of David's right of recovery, either by deed, or by misrepresentation, or by *quasi* estoppel. *Bank of W. & B. v. Wollaston*, 3 *Harr.* 90; *Marvel v. Ortlip*, 3 *Del. Ch.* 9; *Wilds v. Attix*, 4 *Del. Ch.* 253; 1 *Story Eq. Jur.*, § 386; *Dezell v. Odell*, 3 *Hill* 215; *Wallis v. Truesdell*, 6 *Pick.* 457; 2 *Smith's Lead. Cas.*, 466.

There was no misrepresentation alleged or shown by David to James. In no way, by either word, act or silence, did David influence the conduct of James in the transaction, or in executing the deed. In no way was James misled or induced to execute the deed to Mr. Emmons through anything said or done by David, or by David's keeping silence. It may be urged that the present case is controlled by the decision of Chancellor Saulsbury in *Owens v. Owens*, 5 *Del. Ch.* 484.

*Thomas F. Bayard*, for the complainants below, appellees.

It is apparent that by the terms of the appellant's own answer in the Court below, that both David B. Curlett and James Curlett desired to limit the liens against their respective interests after the sale to be had by the trustee. The pleadings show that the execution of the trust deed was the last of several arrangements between David B. Curlett and James Curlett, and the said trust deed being a solemn, written instrument under seal and duly acknowledged before a notary, became in contemplation of law the final and only arrange-

ment between David B. Curlett and James Curlett for the
ultimate disposition of James Curlett's share.    It is, therefore,
respectfully submitted that the trustee should pay to the
administratrix of James Curlett the share due his estate with-
out making any deduction for or on account of this alleged
claim of David B. Curlett.    *In re Shelly*, 1 *Boyce* 10.

As to the fourth and fifth assignment of errors, the excep-
tions, upon which Chancellor Nicholson's opinion and order
were based, were withdrawn by leave of the Court, and it is
submitted that their withdrawal expunges from this cause both
the opinion and the order of Chancellor Nicholson, and that
no assignments of error can legally be filed against the same.
In addition to that, however, the Delaware Constitution of
1897, in defining the jurisdiction of the Supreme Court, as to
its powers covering a review of actions in the Court of Chan-
cery, provides that its power shall be confined to "matters of
appeal in the interlocutory or final decrees and proceedings in
Chancery."    *Dela. Const., art. IV*, § 12.    It is submitted that
inasmuch as this assignment of error is lodged against the
interlocutory finding and not an interlocutory or final decree,
this Court has no jurisdiction.

PENNEWILL, C. J., (delivering the opinion of the Court):
A bill in the nature of a bill for an account was filed in this
case by the appellees, who were grantors and beneficiaries under
a certain deed of trust, against the appellant, the trustee
named in the deed.    By the deed, bearing date September
26th, 1895, Thomas R. Curlett, David B. Curlett, James Cur-
lett, and others, conveyed a tract of land situated in the City
of Wilmington, to Harry Emmons, the appellant, in trust, to
sell the land as soon as he conveniently could do so, convey
the same to the purchaser or purchasers, and apply the pro-
ceeds of sale as follows:

"To the payment and discharge of all liens of record which may be
entered against the said above described premises, also to the payment
of the balance of twenty-five hundred and twenty-five dollars due on three
certain mortgages,   *   *   *   and to apportion and divide any balance
of said purchase money thereafter remaining to and among the parties,

according to their several rights and interests in the above described real estate at the time of the execution of this indenture, the share of any of said parties against whom there may be liens of record covering their interest in said real estate being chargeable with the amount needed to satisfy and discharge said liens."

The case was heard below on bill and answer.

The land described in the trust deed was not sold by the trustee until 1905 because it was deemed by the parties in interest unadvisable to offer it for sale earlier, and the creditors had agreed with the trustee to forbear the collection of their claims until the sale should be made.  After the sale the trustee refused to settle with Thomas R. Curlett, one of the grantors, for his share in the proceeds of sale, until the trustee had been allowed for the amount paid by him on account of a judgment against the said Thomas R. Curlett; and he likewise refused to settle with Cora Agnes Curlett, administratrix of James Curlett, until allowance had been made for the amount paid by the trustee on account of a judgment against James Curlett. The Chancellor decreed that the trustee be allowed the credits claimed by him on account of said two judgments, and this appeal does not embrace that portion of the decree.

It is alleged in paragraph four of the bill of complaint, and not denied by the answer, that the trustee demanded that the complainant Cora Agnes Curlett, administratrix of James Curlett, settle with him as attorney for David B. Curlett, who claimed that there was money owing to him from the estate of James Curlett, but that said administratrix refused to make any settlement with him as trustee unless he paid to her the full share due to her as administratrix of James Curlett, without making any deduction for the claim of the said David B. Curlett.   It is alleged in paragraph eight of the answer that before the execution of the deed of trust, the defendant below, at the special instance and request of James Curlett, and with money furnished to him by David B. Curlett, succeeded in getting all the judgments against James Curlett settled and discharged except one; that the sum of money furnished by David B. Curlett for this purpose amounted to $376.12, and the same was paid by him under an express but verbal agreement on the

part of the said James Curlett that the said sum of money should be re-paid to the said David B. Curlett out of the interest of the said James Curlett in the proceeds of the sale of the aforesaid lands and premises when the same should be subsequently sold; that all the judgments so paid were satisfied of record at the request of James Curlett in order to save him from any embarrassment by reason of their being liens against other real estate held by him; that no part of said sum has ever been repaid to David B. Curlett, who claims that he is entitled to the same, with interest. By paragraph fifteen of his answer the trustee claims as a credit against the distributive share of the administratrix of James Curlett in the proceeds of sale, the sum of $761.47, being the said sum of $376.12 advanced and paid out by David B. Curlett as stated in paragraph eight of the answer, with interest thereon from January 1st, 1889, which David B. Curlett demanded from the trustee as an equitable lien upon said distributive share, and which amount the said distributive share is insufficient to pay. Wherefore the appellant, the trustee, avers that there is nothing in his hands belonging to the estate of James Curlett for which his administratrix has any equitable claim.

The Chancellor refused to allow the claim of David B. Curlett as a credit to the trustee, and it is from that part of the decree which disallowed the claim and imposed one-fourth of the costs of the cause on the appellant that this appeal was taken. The five assignments of error filed by the appellant raise practically the same question, viz., whether the Court below erred in decreeing that the claim of David B. Curlett against the share or interest of James Curlett, deceased, in the said trust estate, should be disallowed.

The Chancellor in his opinion said:

"It may be that David B. Curlett, prior to the making of the deed of trust in 1895, had an equitable lien against the share of James Curlett by reason of the payment by him of the seven judgments against James Curlett, or might have claimed to be in equity the assignee thereof to the extent of the amount so paid, and the authorities cited by the defendant seem to establish the principle. * * * But, by the execution of the deed of trust David B. Curlett waived and relinquished such rights; for

by that deed, to which both he and James Curlett were parties, an entirely different arrangement was made, binding on both, and this deed provided that the share of James Curlett of the proceeds of sale of the property was applicable to the payment of such debts or claims only as were liens of record at the time the deed was made, and that this excluded all other claims against it, including that of David B. Curlett."

The important question to be determined by this Court is whether David B. Curlett, by the deed of trust to which he was a party, waived and relinquished the right which he might otherwise have had to require the application to his claim against the estate of James Curlett of the latter's share of the proceeds of sale. Or whether the said David B. Curlett was estopped by said deed from claiming such right. The deed provided that the balance of the purchase money remaining after the payment of all liens of record against the premises, and certain mortgages, should be apportioned and divided among the parties according to their several rights and interest in the said real estate at the time of the execution of the deed, the share of any of said parties against whom there may be liens of record covering their interest in said real estate being chargeable with the amount needed to satisfy and discharge said liens. It is admitted that David B. Curlett's claim against the share of James Curlett was not at the time of the execution of the deed of trust a record lien. In fact he claims to be entitled to such share only upon the ground that his claim constitutes an equitable lien upon, or an assignment of, the share. The judgments against James Curlett that David B. Curlett paid off and discharged before the execution of the trust deed were record liens; but when they were paid by David they were satisfied of record. The appellant, however, as trustee for all the grantors or beneficiaries in the deed of trust, and as attorney for David B. Curlett in the collection of his claim, insists that even though the judgments so discharged are no longer record liens, nevertheless, under the express verbal agreement made by James Curlett at the time the judgments were paid, the claim of David B. Curlett is still a valid equitable claim against the share of James Curlett, or his administratrix in the proceeds of sale.

In support of such contention the appellant argues that there is nothing in the trust deed that is inconsistent with the existence of such equitable lien. He insists that by no language contained in said deed has David B. Curlett waived or relinquished his equitable lien against the share of James Curlett, nor is he thereby estopped from claiming the payment of the same out of the proceeds of sale. The material and pertinent words in the deed to be considered in this connection have been already quoted, but we will quote them again here.

"And to apportion and divide any balance of said purchase money thereafter remaining to and among the parties according to their several rights and interest in the above described real estate at the time of the execution of this indenture, *the share of any of said parties against whom there may be liens of record covering their interests in said real estate being chargeable with the amount needed to satisfy and discharge said liens.*"

Such was the language used by David B. Curlett, as well as the other grantors, in said trust deed, and judged by such language what must we say was his intention and purpose at the time respecting the application or payment of each share of the balance of the proceeds of sale? It will be observed that the first part of the provision last quoted directs that the balance of the purchase money is to be apportioned and divided among the parties according to their several rights and interest in the real estate sold. If those words constituted all of the direction respecting the application of the balance of the purchase money, it might be very strongly argued, and perhaps conceded, that they contained nothing inconsistent with the payment of an equitable lien which existed prior to the execution of the deed. It would not be unreasonable to hold in an equity proceeding that a division "according to the several rights and interest" of the parties would not preclude the payment of an equitable lien against one of them. But these general words are qualified or explained by the clause that immediately follows them, viz., "the share of any of said parties against whom there may be liens of record covering their interest in said real estate being chargeable with the amount needed to satisfy and discharge said liens."

Manifestly this language means that a share could be

charged only to pay or satisfy a record lien. David B. Curlett and the other grantors undertook to prescribe and direct just how the balance of the purchase money should be applied by their trustee, and such direction was, in effect, that each of the parties should be paid his proportional part unless there were liens of record against him, and in such case his share should be charged with such liens. Such, we think, is clearly the meaning of the language employed, and we are satisfied that at the time of the execution of the trust deed neither David nor James Curlett had in mind, contemplated or intended that any liens other than record liens should be paid out of any share. David B. Curlett, therefore, in and by said deed declared and directed that the trustee should pay to James Curlett his share of the balance of the purchase money after deducting any record liens there might be against him; and the trustee could not, therefore, withhold from James' administratrix said share because of a claim against him held by David which was not a record lien. If David, prior to the execution of the trust deed, held an equitable lien against the share or interest of James in the lands embraced therein, he released or discharged, by said deed, the lands and the proceeds that might be derived from a sale thereof, from such lien, and cannot in this proceeding be permitted to charge James' share of the proceeds with the payment of said lien. We are of the opinion, therefore, that the Chancellor rightly held that the trustee could not make such charge or be allowed as a credit therefor.

As to the contention of the appellant, that the rights of David B. Curlett could not be adjudicated in a proceeding to which he is not a party, it is sufficient to say, that whether formally a party or not, the appellant has made him a party in effect by seeking to collect his claim out of James' share of the proceeds of sale. David demanded from the trustee the payment of his claim out of James' share, and the trustee with David's consent, sought to charge James' share with the payment thereof. The question, therefore, as to David's right to collect his claim out of said share has been distinctly raised in this case, and was necessarily before the Chancellor for adjudication in the hearing below.

While we approve the decision of the Chancellor respecting David B. Curlett's claim against James·Curlett's distributive share, we do not think that any part of the costs in the cause should have been imposed upon the defendant below—the appellant here. The appellant made three contentions or defenses in the cause below, viz., that he be allowed as credits (1) the amount paid by him to settle a judgment against Thomas R. Curlett; (2) the amount paid by him to settle a judgment against James Curlett; (3) the amount paid by him to settle the alleged equitable lien of David B. Curlett against James Curlett. The first and second amounts so paid were allowed by the Chancellor and the third disallowed. Inasmuch, therefore, as the appellant prevailed, or was successful, in the cause in the main; and inasmuch also as the appellant had some reason to believe that James Curlett's share might be charged with the payment of the claim of David B. Curlett, and was justified perhaps, as trustee under the deed in making such contention and defense, we think no part of the costs should have been imposed upon the defendant below. Under all the facts and circumstances of the case it would not, in our opinion, be inequitable to require the administratrix of James Curlett, complainant below, to pay the costs imposed upon the defendant below, and we think this should be done.

We find no error in that part of the Chancellor's decree which directed that the defendant below should settle with the administratrix of James Curlett for the balance of the share of James Curlett, without any deduction on account of the amount claimed by David B. Curlett, and the decree of the Chancellor is in that respect therefore affirmed. But we think that part of the decree which directed that the remaining one-half of the costs of the cause should be divided between the administratrix of James Curlett and the defendant should be modified so that the said one-half of the costs shall be imposed entirely upon the administratrix of James Curlett, deceased.